ANNA ANTOSIA *vs.* CROWN WORSTED MILLS, INC.

FEBRUARY 15, 1952.

PRESENT: Flynn, C.J., Capotosto, Baker, Condon and O'Connell, JJ.

206

BAKER, J.   This original petition for compensation was brought under the provisions of the workmen's compensation act, general laws 1938, chapter 300.   Following a hearing in the superior court a decree was entered denying and dismissing the petition and from the entry of that decree petitioner duly prosecuted her appeal to this court.

There is evidence that while working as a spinner and twister in defendant's mill on March 2, 1948 petitioner slipped on some oil or tripped over a basket, which was used to contain yarn or bobbins, and apparently fell to the floor.   The testimony relating to this incident is somewhat vague and conflicting.   She made prompt complaint that she had suffered an injury to her back, right side and leg as a result of the occurrence.   However, respondent's records show that she continued her regular work until April 9, 1948 when she left voluntarily.

In explanation of that act she testified that the pain in her back was increasing and that she could not do her work. She also testified in substance that she quit work when she was asked to do doffing, which was a harder job and required more bending than did spinning and twisting. However, there was evidence on behalf of the respondent that the petitioner was hired as a "utility girl"; that she was transferred to another department to do doffing on an average of at least once a week before the accident, filling in while a girl was out, and that she had *always* complained about doing doffing. The petitioner, who was a married woman, was fifty-one years of age when she testified in the superior court. Apparently she has not worked since she left respondent's employment.

It appears from the evidence that she reported her accident to the section hand. She did not consult a physician immediately but after a week or two she again complained about her back and the discomfort when lifting, and she was taken by the section hand to Dr. Bernard F. Ferrara for examination. He reported that her back was sprained and prescribed the use of a heating pad. She did not see him again but soon thereafter while still working for respondent she was taken to the office of Dr. Joseph L. Belliotti to be examined. He did not treat her further but upon his suggestion X rays were taken by Dr. William J. Butler. Soon after petitioner left respondent's employment she was examined on April 19, 1948, at the request of one of its officers, by Dr. Vincent Zecchino, but was not subsequently treated by him.

On April 26, 1948 petitioner voluntarily consulted Dr. George W. Bellano. He gave her sedatives, applied diathermy for temporary relief and advised the use of a bed board. These treatments at first continued two or three times a week and then with decreasing frequency up to January 29, 1949 and occasionally thereafter. This doctor testified on behalf of the petitioner and was the only medical witness called at the trial. It was his opinion that

petitioner was suffering from a dorsolumbar sacral strain and that such injury was consistent with a fall to the floor. He also testified that she could do light work if it did not require much bending, but that in his judgment she would not be able to do the type of work she was doing when she fell. In cross-examination the witness stated that he was a general practitioner; that he did not specialize in orthopedics; that he took no X rays but had seen the report on those which had been taken showing them to be negative except as to the fact that petitioner had moderate hypertrophic arthritis in her spine and back; and that generally pain is a subjective symptom and its presence in the petitioner's case could be as consistent with the existence of arthritis as with a fall to the floor, although the latter could aggravate such an existing condition.

The decree appealed from contains the following material findings: "4. That the petitioner failed to prove by a fair preponderance of the credible evidence that the accident of March 2, 1948, resulted in such a degree of injury as to incapacitate her from doing her regular work. 5. That the petitioner has not suffered incapacity for work as a result of her accident of March 2, 1948." The parties agree that the only question raised is whether the above findings are supported by any legal evidence.

In confirmation of her contention that there is in the record no evidence to support these findings and that they are therefore erroneous as a matter of law, the petitioner urges that the trial court overlooked certain evidence favorable to her which was uncontroverted and not inherently improbable. Such evidence included her testimony that following the accident she suffered increasing pain as long as she continued working for respondent; that she was unable to do her regular work, as corroborated by Dr. Bellano's testimony; and that she voluntarily left respondent's employment for that reason. She further maintains that there was no evidence that she was able to do such work. The petitioner cites as supporting her position the

decision in the case of *Walsh-Kaiser Co.* v. *Della Morte*, 76 R. I. 325, and calls our attention particularly to the following language at page 330: "A court is not bound to accept the testimony of a witness as true merely because there is no direct testimony contradicting it, where it contains inherent improbabilities or contradictions which alone or with other circumstances in evidence affect its weight or credibility. But the rule is quite different where the positive testimony of a witness is uncontradicted and unimpeached by other positive testimony or by circumstantial evidence, either intrinsic or extrinsic."

An examination of the above case, however, shows that it is clearly distinguishable from the instant case on its facts. A consideration of the evidence herein reveals positive testimony of the petitioner and her doctor that she cannot do her usual work because of her accident, but it also shows that such testimony is contradicted and impeached by other evidence direct and circumstantial introduced on behalf of respondent. It is our opinion, therefore, that the rule of law set out in the opinion above referred to and relied on by petitioner is not applicable here. On the other hand the instant case resembles the cases of *De Asis* v. *Fram Corp.*, 76 R. I. 331, and *Grieco* v. *American Silk Spinning Co.*, 75 R. I. 356, where it was recognized that an employee may suffer an injury without necessarily being incapacitated thereby.

Here there is uncontradicted evidence to the effect that petitioner worked at her regular job continuously for about five weeks following the accident. That is some evidence of her capacity to work. In addition, although claiming that her back was sore during that period, she voluntarily helped a fellow employee by frequently cleaning her machine. It also appears from the rescript of the trial justice that he drew from the evidence the inference that she voluntarily quit working because she did not like to do doffing and not because of an injury resulting from her

accident. This court has held that a reasonable inference drawn from legal evidence constitutes a finding of fact. *Parmentier* v. *Moore Fabric Co.*, 71 R. I. 369. We cannot say that in the circumstances the above inference drawn by the trial justice was unreasonable.

Furthermore, there was the testimony of petitioner's witness Dr. Bellano admitting that the X-ray photographs showed that petitioner was suffering from arthritis in her back and spine and that her complaint of pain in that region was as consistent with the existence of that condition as with an injury from the alleged fall. The trial justice also indicated that he had some doubt of the complete accuracy of petitioner's testimony in view of the fact that a part thereof had been shown to be clearly erroneous. The credibility to be accorded a witness and the weight to be given his testimony are also questions of fact to be determined by the trial justice and not by this court. *Baccari* v. *W. T. Grant Co.*, 73 R. I. 376.

After consideration of the testimony and the reasonable inferences that could be drawn therefrom by the trial justice, we are of the opinion that there was legal evidence to support the findings of fact as contained in the decree appealed from. That being the case, such findings of fact become conclusive under the act in the absence of fraud, and none is suggested in this case. G. L. 1938, chap. 300, art. III, §6.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*DiMascolo & DiPetrillo, Henry R. DiMascolo, Anthony DiPetrillo,* for petitioner.

*Worrell & Hodge, Lee A. Worrell,* for respondent.